IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS PETTY d/b/a Tom Petty Trucking Company, | § § § § § | |
| Plaintiff, | | |
| V. | § § | No. 3:17-cv-2526-L-BN |
| GREAT WEST CASUALTY COMPANY, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action filed by Plaintiff Thomas Petty in Rockwall County has been removed to this Court by Defendant Great West Casualty Company, *see* Dkt. No. 1, and referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay, *see* Dkt. No. 11.

Great West moves to dismiss Petty's complaint (the Amended Petition filed in state court) under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 5. Petty has filed an Objection to Motion to Dismiss (which is construed as a response), *see* Dkt. No. 8, and Great West has filed a reply brief, *see* Dkt. No. 9. Petty also has filed a motion for leave to amend. *See* Dkt. Nos. 15 & 16.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss and deny the motion for leave to amend without prejudice to Petty's filing, within a reasonable time

-1-

to be set by the Court, an amended complaint that cures the deficiencies that the undersigned identifies below.

## Applicable Background

Through the Amended Petition, Petty begins by alleging that "[t]his case arises out of two accidents cover[ed] under [a Great West insurance] policy." Dkt. No. 5-1 at 2. He then describes the accidents, which occurred on February 12, 2016 and June 28, 2016, *see id.* at 2-3, and asserts that Great West "fail[ed] to communicate when [the estate of the decedent in the second accident] brought a cause of action forth in [Petty's] name," *id.* at 3. Petty continues by alleging that, "as a result of these accidents, two fatalities accrued, [Petty] received mental injuries that are permanent, and cannot operate the trucking company or drive a commercial vehicle again." *Id.* Petty seeks damages based on his losses and for mental distress and anguish. *See id.*

## Legal Standards and Analysis

To begin, the motion for leave to amend [Dkt. No. 15] should be denied. Petty initially failed to include with that motion a proposed amended complaint as required by the Court's local rules. *See* N.D. TEX. L. CIV. R. 15.1. But, on October 25, 2017, he submitted a proposed amended complaint. *See* Dkt. No. 16. That complaint, however, suffers from the same shortcomings that afflict the Amended Petition, discussed below. The Court should therefore deny the current motion seeking leave to amend as futile. *See, e.g., Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v.*

*Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))). And Petty should be afforded one more opportunity to amend his complaint after receiving the benefit of the Court's discussion of the applicable pleading standards set out below.

In deciding whether a claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, the plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*,

-4-

704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Although the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely

evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

While a court may consider the parties' briefing without the need to convert a motion to dismiss into one for summary judgment, a plaintiff may not amend his allegations through a response to a motion to dismiss. Here, Great West admits on reply that, while Petty "has still not provided any facts suggesting that Great West is legally responsible [to him] under any legally recognized theory," Petty's response to its motion "does seem to clarify somewhat the nature of the damages that [he] is suing for and their origin and alleged cause." Dkt. No. 9 at 5.

But Petty may only "clarify" his claims through an amended complaint, as Rule

8 is clear that "a claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citing FED. R. CIV. P. 8(a); FED. R. CIV. P. 7(a))); *cf. Crisco v. Lockheed Martin Corp.*, No. 4:10-cv-418-A, 2010 WL 3119170, at *2 n.2 (N.D. Tex. Aug. 4, 2010) ("Rule 8 requires that a statement of the court's jurisdiction be included in a 'pleading,' and plaintiff's response to defendant's motion is not a pleading." (citing FED. R. CIV. P. 7(a))).

The Court should therefore limit its review to the sufficiency of the allegations in the Amended Petition. And, based those allegations, Petty has failed to allege sufficient factual information to state a claim against Great West. All Petty has alleged is that, as a result of accidents involving Great West's insureds, Petty has been harmed and that Great West's failed "to communicate" with Petty regarding a lawsuit resulting from one of the accidents. These facts fail to support an inference that Great West is responsible for a particular harm to Petty, meaning there is no "more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, which, of course, is not enough to state a plausible claim, *see, e.g., Robbins v. State of Okla. ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is

entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

**Recommendation**

The Court should grant the motion to dismiss [Dkt. No. 5] and deny the motion for leave to amend [Dkt. No. 15] without prejudice to Plaintiff Thomas Petty's filing, within a reasonable time to be set by the Court, an amended complaint that cures the deficiencies identified in the findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE