IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS PETTY d/b/a Tom Petty Trucking Company, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2526-S-BN |
| GREAT WEST CASUALTY COMPANY, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action filed by Plaintiff Thomas Petty in state court in Rockwall County, and removed to this Court by Defendant Great West Casualty Company on the basis of diversity jurisdiction, *see* Dkt. No. 1, remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. Nos. 11 & 60.

As ordered by the Court, *see* Dkt. No. 60, Petty moves for leave to file an amended complaint, *see* Dkt. No. 61. Great West filed a response opposing the motion. *See* Dkt. No. 63. And Petty filed a court-authorized reply brief. *See* Dkt. No. 64.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for leave to amend and dismiss this action with prejudice.

**Applicable Background**

Great West removed Petty's state court petition – in which Great West was the

sole named defendant – on the basis of diversity jurisdiction. After removal, in addition to attempting to amend his claims against Great West, Petty attempted, on multiple occasions, to file numerous amended complaints to add additional defendants, some of which appear to be Texas citizens, the inclusion of which could destroy the basis for the Court's jurisdiction. *See, e.g.,* Dkt. Nos. 18, 20, 22, & 33.

After the Court dismissed Petty's original complaint, *see* Dkt. No. 21, and entered its November 3, 2017 Clarification Order [Dkt. No. 26], allowing Petty an opportunity to move for leave to file an amended complaint solely against Great West, Petty filed such a motion for leave on November 5, 2017, *see* Dkt. No. 27. The undersigned then entered an order establishing a briefing schedule as to that motion. *See* Dkt. No. 28.

One week later, Petty filed an unauthorized second motion for leave to amend his complaint and a separate standalone amended complaint. *See* Dkt. Nos. 30 & 31. Both filings were ordered stricken and unfiled. *See* Dkt. No. 32. And, less than one week after that, Petty filed yet another unauthorized standalone amended complaint, dropping Great West and adding the following defendants: Tom Petty Trucking Company, Victory Life Church, and Daniel Greenwood. *See* Dkt. No. 37.

That filing prompted the Court to cancel the Federal Rule of Civil Procedure 16(b) pretrial scheduling conference and, on November 29, 2017, to abate all deadlines in this action. *See* Dkt. Nos. 38 & 42.

Petty nevertheless continued to clog this case with unauthorized filings. And, after this action was reassigned to United States District Judge Karen Gren Scholer,

*see* Dkt. No. 59, Judge Scholer entered an order on March 29, 2018 to address Petty's

prosecution of his case:

> This *pro se* action, having been reassigned to the undersigned, *see* Dkt. No. 59, is before the Court *sua sponte* to address Plaintiff Thomas Petty's multiple unauthorized amended complaints.
>
> On November 29, 2017, Magistrate Judge David L. Horan, to whom this matter remains referred for pretrial management, entered an order abating all deadlines in this action, "because Petty [ ] filed another unauthorized amended complaint … , despite admonitions from the Court not to do so"; directing "Petty not to file further motions for leave to amend or future amended complaints unless and until directed to do so by the Court"; and warning Petty "that his failure to follow this directive could result in sanctions." Dkt. No. 42 (citations omitted). After entry of Judge Horan's order, Petty filed three more amended complaints. *See* Dkt. Nos. 52, 56, & 57.
>
> Given Petty's *pro se* status, however, the Court grants him one final opportunity to present an amended complaint that includes – in a single document – all claims he wishes to bring against all defendants based on the factual allegations Petty has presented to the Court through the series of amended complaints that he has filed. This final amended complaint shall not be filed in this action but instead must be attached to a motion for leave to amend made under Federal Rule of Civil Procedure 15(a). And that motion for leave shall be filed no later than 14 days from entry of this order.
>
> Petty is warned that any failure to follow this order considered in conjunction with his previous defiance of orders of this Court will amount to purposeful, contumacious conduct that justifies the dismissal of his lawsuit with prejudice under Federal Rule of Civil Procedure 41(b). *See, e.g., Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008); *Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014); *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015).
>
> If Petty files a motion for leave to amend under Rule 15(a), that motion shall be referred to Judge Horan under the Court's standing order.
>
> And, based on this order, all pending motions in this action [Dkt. Nos. 27, 33, 46, 51, & 53] are **DENIED** without prejudice.

Dkt. No. 60 at 1-2.

Petty filed his motion for leave later the same day. *See* Dkt. No. 61.

## Legal Standards

When, like here, a party is not subject to an expired deadline for seeking leave to amend, Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). That is, Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598.

The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

A court may therefore "refuse leave to amend if ... the complaint as amended would be subject to dismissal," *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)

(quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] 'evinces a bias in favor of granting leave to amend,' ... a district court need not grant a futile motion to amend." (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (in turn quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)); citation omitted)); *cf. Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

Because the Court's futility analysis parallels an analysis of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the undersigned notes that "[u]nder that standard, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' [And a] claim is facially plausible if the complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); internal quotation marks omitted)); *see also Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) ("[T]o survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends

entitle him to relief. (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e))); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

And, to the extent that "a plaintiff seeks to join a nondiverse party after removal" – which appears to be the case here – "the Court has greater discretion to grant or deny joinder." *Shunatona v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:16-cv-1694-M-BN, 2016 WL 7665882, at *2 (N.D. Tex. Dec. 2, 2016) (citing 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.")), *rec. accepted*, 2017 WL 87043 (N.D. Tex. Jan. 9, 2017).

> "The district court, when confronted with an amendment to add a nondiverse nonindispensible party, should use its discretion in deciding whether to allow that party to be added." The court should "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."

*Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768-69 (5th Cir. 2016) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

"In deciding whether to permit the joinder of a nondiverse defendant after removal," the four factors outlined in *Hensgens* that district courts in this circuit consider are: "(1) the extent to which the purpose of the amendment is to defeat diversity jurisdiction, (2) whether the plaintiff has been dilatory in asking to amend, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other special equitable factors." *Shunatona*, 2016 WL 7665882, at *2.

### Analysis

In the operative – "one final" – amended complaint that the Court has allowed

Petty to present through a motion for leave to amend [Dkt. No. 61 at 3-10], he seeks to add as defendants two insurance companies (Progressive County Mutual Insurance Company and Texas Farm Bureau Insurance Company) that he claims insured, respectively, Victory Life Church and Daniel Greenwood. Petty alleges that he was involved in two separate fatality automobile accidents with a vehicle belonging to the church (allegedly driven negligently by Joshua Ragsdale) and one allegedly driven negligently by Greenwood. And he seeks to recover for the mental trauma that he has suffered as a result of the two accidents. *See, e.g., id.* at 6 (alleging that he purchased a policy from Great West "believ[ing] that they are cover in the event of unseen circumstances, and that the policy that was sold to [him] should cover events such as" the mental trauma that Petty claims he experienced because of the accidents).

First, the cause of action that Petty's factual allegations support is one for negligent infliction of emotional distress. But "Texas law does not recognize negligent infliction of emotional distress as a viable cause of action." *Wiley v. U.S. Bank, N.A.*, No. 3:11-cv-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

More generally speaking, "[t]o prevail on a negligence cause of action, the plaintiff must establish damages caused by a breach of a duty." *Fitzpatrick v. Copeland*, 80 S.W.3d 297, 301 (Tex. App. – Fort Worth 2002, pet. denied) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998); citation omitted). So, "no legal liability arises if no duty exists." *Id.* (citation omitted)).

The duty that Petty raises in the proposed amended complaint is the church's

and Greenwood's – the alleged insureds – "duty ... to drive carefully," which Petty states "is the legal cause of [the] injuries he suffered as a result of these two accidents." Dkt. No. 61 at 4 ("Victory life church and Greenwood have carelessly and negligently breach the required duty of care to drive on Texas Highways, which has caused accidents. Ragsdale carelessly was not wearing corrective lenses which was required by the state of Texas to drive, Greenwood carelessly driving DUI/DWI, they both had a valid license and had a duty of care to drive carefully according to rules and laws set forth by the state of Texas to received their driver's license, which these accidents has legal cause the Plaintiff's injuries." (citations omitted)).

But "a motorist owes no special duty to avoid inflicting mental anguish damages on other users of the highway." *Fitzpatrick*, 80 S.W.3d at 305 (citing *Johnson v. Standard Fruit & Vegetable Co.*, 984 S.W.2d 633, 640 (Tex. App. – Houston [1st Dist.] 1997), *rev'd on other grounds*, 985 S.W.2d 62 (Tex. 1998)).

And, to the extent that, through his authorized reply [Dkt. No. 64], Petty seeks to expand his damages claim, that filing is not a proper instrument through which to further amend his complaint. As the Court made plain in its March 29, 2018 order, Petty was given "one final opportunity to present an amended complaint that includes – in a single document – all claims he wishes to bring against all defendants based on the factual allegations Petty has presented to the Court through the series of amended complaints that he has filed." Dkt. No. 60 at 1-2. And Rule 8 clearly provides that "a claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a) – a reply in support of a motion to amend is not among the "pleadings [that] are allowed" under the

Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *cf. Crisco v. Lockheed Martin Corp.*, No. 4:10-cv-418-A, 2010 WL 3119170, at *2 n.2 (N.D. Tex. Aug. 4, 2010) ("Rule 8 requires that a statement of the court's jurisdiction be included in a 'pleading,' and plaintiff's response to defendant's motion is not a pleading." (citing FED. R. CIV. P. 7(a))); *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citing FED. R. CIV. P. 8(a); FED. R. CIV. P. 7(a))).

What's more, Petty has not named the church and Greenwood (who Petty states is deceased) as defendants but has instead named their insurers.

"In Texas, the general rule ... is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." *In re Essex Ins. Co.*, 450 S.W.3d 524, 525 (Tex. 2014) (citing *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138 (Tex. 1997)); *see also, e.g., Spih Tyler, LLC v. Liberty Mut. Ins. Co.*, No 3:17-cv-1292-L, 2018 WL 4003314, at *3-*4 (N.D. Tex. Aug. 17, 2018) (applying "Texas's well-settled 'no direct action' rule" to find that a plaintiff's third-party liability claim brought directly against the liability insurer of the alleged tort defendant "failed to state a claim upon which relief may be granted because [it fails] as a matter of law").

Thus, even before considering the *Hensgens* factors, the claims that Petty seeks to bring through the proposed amended complaint would fail to survive a Rule 12(b)(6)

motion. Granting leave to amend would therefore be futile.

And, even if any of those factors weigh in Petty's favor, the United States Court of Appeals for the Fifth Circuit remarked earlier this month – in affirming a district court's denial of a request for leave to amend a complaint to add a non-diverse party after removal – that a plaintiff's "continued failure to state a plausible claim [may] outweigh the other *Hensgens* factors." *Allen v. Wal-Mart Stores, L.L.C.*, ___ F.3d ____, No. 17-20404, 2018 WL 4998231, at *10 (5th Cir. Oct. 16, 2018) ("The district court did not explicitly weigh the *Hensgens* factors but the fact that Allen would still fail to state a plausible claim against any Wal-Mart employee gives an apparent reason for the district court's denial of Allen's motion to amend. Additionally, Allen's continued failure to state a plausible claim would outweigh the other *Hensgens* factors." (footnote omitted)).

## Recommendation

The Court should deny Plaintiff Thomas Petty's motion for leave to amend [Dkt. No. 61] and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 19, 2018

                                           _____
                                           DAVID L. HORAN
                                           UNITED STATES MAGISTRATE JUDGE